Nellie D. BLAKE, Plaintiff-Appellant,

v.

Matthis W. PIEL, etc., et al.,
Defendants-Appellees.

No. 76–2796
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1977.

Allen W. Howell, Montgomery, Ala., for plaintiff-appellant.

Robert D. Segall, Montgomery, Ala., for W. L. Moss.

Walter J. Knabe, Montgomery, Ala., for Matthis W. Piel.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

This action originally was brought by appellant Nellie D. Blake under 42 U.S.C. § 1983 alleging that she was wrongfully discharged from employment with the city of Montgomery, Alabama. Mrs. Blake named as defendants, in their official capacities, Judge Matthis W. Piel, Presiding Judge of the Municipal Court of the City of Montgomery, for whom she worked, and Wade L. Moss, Personnel Director for the city. The District Court granted summary judgment in favor of defendants Piel and Moss, and Mrs. Blake appeals.

Rule VII, Section 5(c) of the Montgomery City and County Personnel Department Rules and Regulations provides that

Sick leave may be granted only for absence due to personal illness, legal quarantine, or illness or death in the immediate family. An employee claiming sick leave may be required by the appointing authority to file a certificate from a physician stating the kind and nature of sickness or injury, that the employee was incapacitated for work for the period of his absence, that the employee is physical-

---

* Rule 18, 5 Cir.;  see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

ly unable to perform his duties, or that the employee has no contagious disease that might jeopardize the health of other employees.

The record shows that on December 30, 1974, Judge Piel met with Mrs. Blake to inform her that doctors' certificates presented to him on December 18 and 23 were not satisfactory in explaining the reasons for her absence from work from December 2, 1974 through December 27, 1974. She was warned to provide satisfactory certificates for any further absences. On January 2, 1975, Mrs. Blake was again absent from work. When she did not or could not furnish a certificate, she was asked not to return to work without such a certificate. Thereupon Mrs. Blake requested and received a hearing before the Personnel Board which took place January 29, 1975. The Board upheld Judge Piel in requesting a medical explanation for Mrs. Blake's absences. On January 29 Personnel Director Moss wrote two letters to Mrs. Blake, one informing her of the Board's decision and the other advising her to take "immediate steps" to procure appropriate medical certificates. On February 25 Moss again wrote to Mrs. Blake directing her to furnish a "medical explanation or certificate for absence" within five days, and advising her that failure to do so would be considered a resignation. On March 7 Judge Piel wrote to Mrs. Blake telling her that her employment with the city had been terminated.

Mrs. Blake's brief on appeal shows that she "generally knew that appeal rights from her discharge existed." In an affidavit appearing in the record Mrs. Blake states that she "tried several times to call Mr. Moss about my dismissal and getting a hearing or some kind of review." The brief indicates that Mrs. Blake took no further steps in pursuing any appeal because "she did not know how to perfect those appeal rights except through Mr. Moss."

On this appeal Mrs. Blake alleges that she possessed a vested interest in her continued employment by the city which was protectable by standards of due process, *cf. Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct.

2701, 33 L.Ed.2d 548 (1970). She alleges that Judge Piel lacked authority to discharge her; that her hearing failed to comport with due process; and that her notice of dismissal failed to comply with state law. (In her original complaint Mrs. Blake further argued that defendants Piel and Moss violated due process by failing to inform Mrs. Blake of the procedure of appeal from dispositions of the Personnel Board. Although that issue is alluded to in the brief on appeal, it is not pressed.) The District Court granted summary judgment in favor of the defendants under Rule 56(c), Fed.R. Civ.P., based on his finding that "there is no genuine dispute as to any material fact and . . . the defendants are entitled to a judgment as a matter of law."

The standard of review pertaining to summary judgments requires us to view the record in the light most favorable to the party who opposed the summary judgment motion, accepting his or her allegations as true and giving him or her the benefit of the doubt whenever his or her assertions conflict with those of the moving party. *See E. C. Ernst, Inc. v. General Motors Corp.,* 5 Cir., 1976, 537 F.2d 105, 108. We have carefully reviewed the record in this case and find therein no basis for disturbing the judgment of the District Court.

AFFIRMED.